**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RUSSIAN FEDERATION
O/B/O ANDRE RENE LEVESQUE,

                      Plaintiff,              8:24-CV-772
      v.                                                (DNH/CFH)

UNITED STATES OF AMERICA, et al.,

                      Defendant(s).

---

**APPEARANCES:**

Russian Federation o/b/o Andre Rene Levesque
35A Smithfield Blvd. #149
Plattsburgh, New York 12901
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se Russian Federation o/b/o Andre Rene Levesque[1] ("plaintiff") commenced this action by filing a complaint on June 13, 2024. See Dkt. No. 1

---

[1] The undersigned notes that Levesque is a particularly litigious individual who has filed numerous other actions in this District—many of which have been dismissed as frivolous. See, e.g., Levesque v. Clinton County Correctional Facility, et al., No. 9:10-cv-787 (DNH/DEP) (NDNY, filed Jul. 1, 2010), Dkt. No. 6 at 1 (Order denying IFP and noting that "plaintiff was confined in the secure psychiatric unit at the New Hampshire State Prison for Men"), Dkt. No. 138 (Report-Recommendation recommending dismissal sanctions "[a]fter a series of frivolous or harassing submissions by plaintiff"), Dkt. No. 153 (adopting dismissal recommendations); Levesque v. United States Government, et al., No. 9:12-cv-796 (NAM/DEP) (NDNY, filed May 14, 2012), Dkt. No. 8 (Order denying IFP and dismissing complaint with prejudice "as frivolous and for failure to state a claim upon which relief may be granted"); Levesque v. CVPH Medical Center, et al., No. 9:12-cv-960 (DNH/CFH) (NDNY, filed Jun. 13, 2012), Dkt. No. 74 (Order dismissing all but one claim against one defendant, noting plaintiff's numerous frivolous motions, and warning plaintiff against frivolous and vexatious filings); Levesque v. North Country Economic Development Council, et al.,

("Compl."). In lieu of paying this Court's filing fee, Levesque submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. Plaintiff's IFP application demonstrates that he financially qualifies to proceed IFP.[2]

## II. Initial Review[3]

---

No. 8:13-cv-248 (DNH/CFH) (NDNY, filed Mar. 6, 2013), Dkt. No. 2 (Order denying IFP application based on plaintiff's accumulation of three strikes and no showing of imminent danger); Levesque v. State Farm Ins., et al., No. 8:13-cv-346 (LEK/RFT) (NDNY, filed Mar. 27, 2013), Dkt. No. 5 (same; recommending dismissal for lack of subject matter jurisdiction and failure to state a claim); Levesque v. State of NY, et al., 8:13-cv-825 (TJM/RFT) (NDNY, filed Jul. 15, 2013), Dkt. No. 72 (Order granting defendants' motion to dismiss on multiple grounds and noting plaintiff's "long, rambling, and confusing hand-written complaint"); Levesque v. Dominy, No. 8:14-cv-298 (GLS/CFH) (NDNY, filed Mar. 17, 2014), Dkt. No. 11 (Recommendation to dismiss amended complaint with prejudice for failure to state a claim, noting plaintiff's previous failure to "comply with the basic pleading requirements outlined by the Federal Rules"), Dkt. No. 15 (Order adopting dismissal recommendations, and noting plaintiff's failure to allege discernable claims); Levesque v. Does, et al., No. 8:14-cv-506 (TJM/CFH) (NDNY, filed May 1, 2014), Dkt. No. 4 (Recommending denial of IFP due in part to the Court's need to protect against "overly litigious litigants who persistently file scurrilous complaints the benefit of IFP status"), Dkt. No. 21 (Order adopting recommendations and directing plaintiff to pay the full filing fee); Levesque v. Barth, et al., No. 8:14-cv-920 (GTS/CFH) (NDNY, filed Jul. 24, 2014), Dkt. No. 2 (Order administratively closing case due to failure to pay filing fee and failure to file IFP application that "includes a certification by an appropriate official at their facility regarding their inmate account balance"); Levesque v. Peebles, et al., No. 5:15-cv-914 (FJS/TWD) (NDNY, filed Jul. 27, 2015), Dkt. No. 6 (Order denying IFP based on three strikes and no showing of imminent danger; recommending dismissal with prejudice of claims against defendant judges on judicial immunity grounds); Levesque v. USA Department of Social Security, No. 8:15-cv-1314 (DNH/ATB) (NDNY, filed Oct. 30, 2015), Dkt. No. 6 (Order denying IFP based on three strikes and no showing of imminent danger; recommending dismissal of complaint without prejudice for lack of jurisdiction); Levesque v. State, Local and Federal Judges, No. 1:21-cv-8 (TJM/CFH) (NDNY, filed Jan. 4, 2021), Dkt. No. 3 (Order administratively closing case due to failure to pay filing fee or file IFP application that included certification of inmate account balance); Levesque v Clinton County Election Board, No. 9:22-cv-753 (DNH/TWD) (NDNY, filed Jul. 5, 2022), Dkt. No. 9 (same); Levesque v. Auburn Correctional Facility, et al., No. 9:23-cv-804 (GLS/ATB) (NDNY, filed May 19, 2023), Dkt. No. 20 at 1 (same, and noting plaintiff was "a prolific litigant who is well known to this Court"); Levesque v. N.Y. State Justice Line, et al., No. 9:23-cv-952 (TJM/DJS) (NDNY, filed Aug. 4, 2023), Dkt. No. 6 (same); Levesque v. St. Lawrence Psychiatric Center, et al., No. 9:23-cv-958 (GTS/TWD) (NDNY, filed Aug. 4, 2023), Dkt. No. 10 (same).

[2] Plaintiff is advised that although he has been granted IFP status, like all plaintiffs receiving IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited, to copying fees, transcript fees, and witness fees.

[3] The language of Section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed this section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002). Thus, the undersigned is directed to review the complaint in this case pursuant to § 1915. See

**A. Legal Standards**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Thus, when a plaintiff proceeds IFP, "it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." Praileau v. Fischer, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, plaintiffs proceed pro se, the court must provide them "special solicitude," construe their submissions "liberally," and read such submissions "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citing Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994)). The rationale for this is that "a pro se litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if [] not afforded some degree of protection." Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (citing Triestman, 470 F.3d at 475).

However, the Second Circuit has also reminded that courts "cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest." Triestman, 470 F.3d at

---

N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under [Section 1915] when an application to proceed in forma pauperis is filed.").

477 (citations omitted).  Further, the "special solicitude" standard does not excuse "frivolous or vexatious filings by pro se litigants," nor does it "exempt a party from compliance with relevant rules of procedural and substantive law." Id.  This includes, relevant here, Federal Rules of Civil Procedure 8 and 11.  See Jones v. Westchester Cnty., 182 F. Supp. 3d 134, 147 (S.D.N.Y. 2016) (reminding that the "special solicitude afforded to pro se civil rights litigants does not give them license to violate the Federal Rules of Civil Procedure[.]") (citations omitted).

Under the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a).  "The purpose [of Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Although "[n]o technical form is required," Rule 8 makes clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).  A complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense[,] and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  When a complaint does not comply with Rule 8, the court has the power, on its own initiative, to dismiss the complaint.  See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, dismissal under Rule 8 "is usually reserved for

those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

Rule 11 requires every pleading to "be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). A litigant does not have authority to represent third parties or add them as co-plaintiffs when the litigant is not an attorney. See Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("[A] non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel."); Chowdhury v. Hamza Exp. Food Corp., 308 F.R.D. 74, 78 n.2 (E.D.N.Y. 2015) ("Entities, unlike natural persons, are not permitted to proceed pro se in federal court.") (citing Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991)); Iannaccone v. L., 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause [but] must be litigating an interest personal to him.") (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997)). Actions by pro se litigants brought on behalf of others are subject to dismissal. See Ebomwonyi v. Sea Shipping Line, 473 F. Supp. 3d 338, 346 (S.D.N.Y. 2020) (dismissing claims brought in name of plaintiff because of Rule 11 violations, where the named plaintiff did not sign the complaint, where a pro se litigant attempted to bring claims on behalf of the named plaintiff, and where the pro se litigant was not a licensed attorney).

This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). An action is legally frivolous when either (1) "the factual contentions are clearly

5

baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is based on an indisputably meritless legal theory," such as when it either "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted) (citing Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis.").

### B. Plaintiff's Complaint[4]

The Complaint names as plaintiff: "Russian Federation—represented by: International Attorney Andre Rene Levesque" and names as defendants "U.S.A., Republican, demicrates [sic], and President Joe Biden, media outlets." Compl. at 1. The Complaint frames the issue raised as one surrounding the "Rebuilding Economic Prosperity and Opportunity for Ukrainians Act." See S.2003, 118th Cong. (2023-24). The Complaint asserts that under this legislation, the U.S. is interfering with the Russian government's military actions in the country of Ukraine. See Compl. at 2. The Complaint references other geopolitical conflicts, the International Criminal Court, and news reporting by various U.S. media outlets on the conflict in the Ukraine. See generally id. The Complaint generally asserts that defendants' actions have harmed the

---

[4] Plaintiff submitted various documents as exhibits or attachments to his complaint. See Dkt. No. 1-1. These exhibits have been reviewed by the undersigned in connection with the initial review of plaintiff's complaint. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

"Russian Federation" with "pain and suffering" and "emotional distress." Id. at 4. The Complaint also generally references "due process," "theft," "deliberate indifference," "slander," and the "Prisoner Rights Act of 1983 amended in 1997." Id. at 6, 9. As a remedy, the Complaint seeks to enjoin the U.S. Government's use of funds and military equipment in connection with the current conflict in the Ukraine. See id. at 11. The Complaint also requests that the Court imprison defendants for these acts, release unnamed Russian prisoners, and enjoin media outlets from "further slander" in reporting on the U.S.'s involvement in the Ukraine. See id. Attached to the Complaint are forty-two pages of exhibits, which are a collection of unintelligible references to Levesque's mental health concerns, random drawings and pictures, excerpts from books, and news articles, some of which generally concern the current conflict in the Ukraine. See generally Dkt. No. 1-1.

### C. Analysis

Even construing these claims liberally, plaintiff's complaint must fail for several reasons. First, the Complaint frames the issues solely from the perspective of the "Russian Federation—represented by: International Attorney Andre Rene Levesque." Compl. at 1. However, Levesque is not an attorney licensed in the state of New York and cannot represent third parties in federal court.[5] See FED. R. CIV. P. 11(a); Berrios,

---

[5] See "Attorney Online Services – Search," New York State Unified Court System, accessed Nov. 6, 2024, available at https://iapps.courts.state.ny.us/attorneyservices/search?2. Additionally, the undersigned is aware that Levesque is a former inmate at a secure psychiatric unit in New York. See, e.g., Levesque v. Clinton County Correctional Facility, et al., No. 9:10-cv-787 (DNH/DEP) (NDNY, filed Jul. 1, 2010), Dkt. No. 6 at 1 (noting that "plaintiff was confined in the secure psychiatric unit at the New Hampshire State Prison for Men").

564 F.3d at 134; Chowdhury, 308 F.R.D. at 78 n.2; Iannaccone, 142 F.3d at 558.  Thus, the complaint is subject to dismissal.  See Ebomwonyi, 473 F. Supp. 3d at 346.

Second, to the extent this action can be construed as one asserting claims in pro se plaintiff Levesque's name, the Complaint does not provide a short and plain statement of any claim showing that Levesque is entitled to relief.  See Fed. R. Civ. P. 8(a).  Instead, as described above, the Complaint amounts to twelve pages of handwritten text that do not simply, concisely, or directly provide sufficient notice to any defendant of what claims are being asserted against each of them.  See generally Compl.  The exhibits attached to the Complaint, as described above, only serve to confuse the issues further.[6]  See Dkt. No. 1-1.  These defects demonstrate that the dismissal is proper for violating Rule 8's "short and plain statement" requirement.  See Salahuddin, 861 F.2d at 43 (finding "no doubt" that complaint failed to comply with Rule 8 where it "spans 15 single-spaced pages and contains explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights; it contains a surfeit of detail"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

In addition to the Complaint's failures to meet the pleading requirements of Rules 8 and 11, the undersigned recommends that the Complaint be dismissed as frivolous and for failure to state a claim.  As noted above, though Levesque mentions legal doctrines or statutes such as "due process," "theft," "deliberate indifference," and the "Prisoner Rights Act of 1983 amended in 1997"; plaintiff does not set forth any facts or

---

[6] Plaintiff offers no context for the exhibits, and the exhibits, considered both together and apart from the Complaint, do not offer any factual or legal support for any cognizable claim.

arguments setting forth such claims.  See generally Compl.  Instead, the core of the Complaint centers around Levesque's disagreement with the U.S. Government's use of funds and military equipment in support of the Ukraine's current conflict with Russia.  See Compl. at 2.  Levesque, however, has no standing to assert such a claim against the United States Government or its agents.

Article III of the U.S. Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'"  Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013).  "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'"  Id. (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)).  "In order to have standing under Article III, [the plaintiff] must demonstrate that (1) [he] has suffered an injury in fact that is concrete and particularized as well as actual or imminent, rather than conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) it is likely, rather than merely speculative, that the injury will be redressed by a favorable decision."  Lerman v. Bd. of Elections in City of New York, 232 F.3d 135, 142 (2d Cir. 2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Here, although the undersigned recognizes that Levesque appears to have concerns about the implementation of an act of Congress and the U.S. Government's involvement in supporting Ukraine, there are no allegations that Levesque himself suffered a concrete and particularized injury from the government's actions.  See generally Compl.  The only conceivable injury that Levesque may have suffered stems from his role as a United States taxpayer, but "[i]t is well settled that" a federal taxpayer generally has no standing "to challenge acts of Congress, or acts taken by other arms of

the federal government, on the theory that the challenged conduct injures him through its effect on his taxes." Bd. of Educ. of Mt. Sinai Union Free Sch. Dist. v. New York State Tchrs. Ret. Sys., 60 F.3d 106, 110 (2d Cir. 1995) (noting that, as a general matter, "standing premised on federal taxpayer status fails for want of a concrete injury" because "the federal taxpayer's 'interest in the moneys of the Treasury . . . is shared with millions of others [and] is comparatively minute and indeterminable; and [because] the effect upon future taxation, of any payment out of the funds . . . [is too] remote, fluctuating and uncertain.'") (quoting Frothingham v. Mellon, 262 U.S. 447, 487 (1923)). Because the undersigned finds that Levesque has no standing to challenge the U.S. Government's actions in this regard, the Court lacks subject matter jurisdiction over any such claims. See In re U.S. Cath. Conf. (USCC), 885 F.2d 1020, 1023 (2d Cir. 1989) ("[W]hen a plaintiff lacks standing to bring suit, a court has no subject matter jurisdiction over the case.").

Concerning the Complaint's allegations of "slander" by "media companies," there are no allegations that any such actions are directed at Levesque or have harmed Levesque as opposed to the "Russian Federation." See generally Compl. Thus, the Complaint fails to state a claim for slander against Levesque. See Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 61 (2d Cir. 1993) (noting there are "four elements necessary to establish a prima facie case of slander: (1) an oral defamatory statement of fact, (2) regarding the plaintiff, (3) published to a third party by the defendant, and (4) injury to the plaintiff") (emphasis added).

At various points in the Complaint and exhibits, Levesque makes unexplained references to child molestation, witch hunts, magic elixirs, and multiple conspiracy

10

theories.  See generally Compl.  To the extent Levesque attempts to base claims on such allegations, the Supreme Court has repeatedly held that "federal courts are without power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit."  Hagans v. Lavine, 415 U.S. 528, 536-37 (1974));  see also Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (noting that "essentially fictitious" claims are those based on "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, any sort of supernatural intervention").

To the extent Levesque attempts to assert claims that are criminal in nature, such as the Complaint's statements that defendants should be "jailed for war crimes," see Compl. at 9, these are frivolous on their face.  Plaintiff, as a private citizen, has no authority to enforce provisions of the criminal code or seek this Court's enforcement of it.  See Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (affirming dismissal of pro se plaintiff's attempt to assert claims rooted in criminal law because there is no private causes of action).

Beyond these findings, the undersigned will not "read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest."  Triestman, 470 F.3d at 477 (citations omitted).  Thus, for the reasons stated above, the undersigned recommends that plaintiff's Complaint be dismissed.

### III. Leave to Amend

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Lack of subject matter jurisdiction is generally viewed as a substantive defect that supports denial of leave to amend. See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp., 152 F. Supp. 2d 443, 455 (S.D.N.Y. 2001) ("[I]t is not appropriate to grant [the plaintiff's] request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); Chan v. Reno, 916 F. Supp. 1289, 1302 (S.D.N.Y. 1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis . . .; [The proposed amended complaint] . . . presents a non-justiciable claim and fails to present this [c]ourt with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss . . ., amendment would be futile.").

"[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice. Such dismissal is one for lack of subject matter jurisdiction." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016) (citations omitted). Dismissals for failure to state a claim, on the other hand, are generally with prejudice.

See Donnelly v. Controlled Application Rev. & Resol. Program Unit, 37 F.4th 44, 57 (2d Cir. 2022) (citing FED. R. CIV. P. 41(b)).  The Court may dismiss a "factually frivolous" claim when the factual allegations are "clearly baseless," including claims "describing fantastic or delusional scenarios."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); see Van Wade v. Nitti, 720 F. Supp. 3d 219, 232 (W.D.N.Y. 2024) (dismissing with prejudice private citizen's claims for criminal violations for lack of authority to bring such claims).  Such dismissals may be dismissals with prejudice.  See Denton, 504 U.S. at 34; see also Van Wade, 720 F. Supp. 3d at 232; Stephens v. Trump Org. LLC, 205 F. Supp. 3d 305, 314 (E.D.N.Y. 2016) (finding defamation claim under New York state law to be dismissible with prejudice because the plaintiff failed to state a claim and because amendment could not cure the complaint's defects).

Here, even if plaintiff were granted leave to amend so he could attempt to restate claims under his own name and otherwise cure the Rule 8(a) deficiencies, such leave would be futile.  See Edwards, 388 F. Supp. 3d 144-45.  As discussed, plaintiff has no standing to challenge the government's appropriation of funds regarding the conflict in the Ukraine.  See Section II. C., supra.  Thus, the undersigned recommends that any such claim be dismissed without prejudice for lack of Article III standing but without the opportunity to amend.  See Carter, 822 F.3d at 54.  Further, as discussed above, plaintiff asserts no allegations that the "media outlets" have directed any allegedly slanderous reporting at him; cannot raise criminal claims as a private citizen; and cannot otherwise state claims that are essentially fictitious.  See Section II. C., supra.  Thus, the undersigned recommends these claims be dismissed with prejudice for failure to state a claim and as frivolous.  See Denton, 504 U.S. at 32-33; Donnelly, 37 F.4th at

57; Van Wade, 720 F. Supp. 3d at 232.  As amendment cannot cure the numerous substantive defects detailed above, the undersigned recommends dismissal without leave to amend.  See Phipps, 152 F. Supp. 2d at 455; Chan, 916 F. Supp. at 1302.

### IV. Conclusion

Wherefore, for the reasons set forth herein, it is hereby:

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED,** that the complaint, Dkt. No. 1, be **DISMISSED** in its entirety **without leave to amend** as specified: (1) plaintiff's claims for "due process," "theft," "deliberate indifference," and the "Prisoner Rights Act of 1983 amended in 1997" that based on his status as a federal taxpayer be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; (2) the claim for slander, purported criminal claims, and" essentially fictitious" claims based on allegations of child molestation, witch hunts, magic elixirs, and conspiracy theories be **DISMISSED WITH PREJUDICE** for failure to state a claim, and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human

Servs., 892 F.2d 15, 16 (2d Cir. 1999)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[7]

Dated: November 22, 2024
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  See id. § 6(a)(1)(c).